## McKees Rocks v. Bryan

*Louis H. Artuso*, for petitioner.
*Leonard M. Boehm*, for respondent.

T. M. MARSHALL, J., June 25, 1936.—On February 27, 1926, the Borough of McKees Rocks, Allegheny County, Pa., at the above number and term, filed a municipal lien representing an assessment for benefits to lots nos. 11 to 20, inclusive, and lot no. 20-A, in the James Bryan estate plan. (See plan in partition docket no. 9, page 349, the partition therefor having been effected in the Court of Common Pleas No. 2 of Allegheny County at no. 467, July term, 1905.) At the time this lien was filed said lots were owned by Frank Bryan, who died intestate on May 25, 1927, leaving to survive him as one of his heirs at law James P. Bryan, who through the death of his father became vested in an interest in the real estate covered by the above lien.

Said lien was revived by the Borough of McKees Rocks by suggestion on February 16, 1931. The record, however, shows no further attempt on the part of the Borough of McKees Rocks to revive this lien, so that it died on February 16, 1936, as provided in the Municipal Lien Act of May 16, 1923, P. L. 207.

The record further shows that said Frank Bryan in his lifetime took an appeal from the report of the viewers with reference to these lots made at no. 1193, April term, 1925, and that said Frank Bryan filed his affidavit and statement on December 3, 1928, at no. 3438, October term, 1925. This appeal was put at issue on December 3, 1928, and again on October 3, 1934, but remains undisposed of to the present time.

The municipal lien filed at no. 2152, April term, 1926, has expired. Counsel for the borough admits that the lien has expired, but it is argued that the court has no authority to strike off a lien which does not any longer exist. It is contended that the property owner owes the amount assessed by the viewers, and it is claimed that the legislature may pass a validating act which would permit the borough in the future to collect the amount due. If the contention of the borough is correct there would be no reason for the legislature to state a time during which liens must be revived, and unquestionably in the present state of the record, due to the possibility of a validating act, there is a cloud on the title of the real estate affected by the lien. In our opinion this lien should be stricken off.